**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRUSTEIN & MANASEVIT, PLLC<br>3105 South St., NW<br>Washington, D.C. 20007<br>Tel: 202-965-3652,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION<br>400 Maryland Ave., SW<br>Washington, D.C. 20202,<br><br>Defendant. | ) | Civil Action No. ________ |

**<u>COMPLIANT FOR INJUNCTIVE AND DECLARATORY RELIEF</u>**

**NATURE OF ACTION**

1. This is an action arising under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for declaratory and injunctive relief seeking to compel Defendant, United States Department of Education (USDE), to disclose and release records that have been withheld from Plaintiff, Brustein & Manasevit, PLLC.

2. As described in more detail below, Plaintiff seeks documents from the last five years related to the U.S. Secretary of Education's review of decisions made by Administrative Law Judges (ALJs) in the Office of Hearing and Appeals, including, but not limited to, Secretarial reviews authorized by 34 C.F.R. § 81.42(a) and 34 C.F.R. § 668.119(a).

**JURISDICTION AND VENUE**

3. Pursuant to 5 U.S.C. § 552(a)(4)(B), the United States District Court for the District of Columbia has jurisdiction to enjoin an agency from withholding agency records under FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. Pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b)(2), venue lies in the District of Columbia.

## PARTIES

5. Plaintiff Brustein & Manasevit, PLLC is a law firm located in Washington, DC. Brustein & Manasevit, PLLC primarily practices federal education law, and works with various state and local educational agencies and other institutions on federal education programs and federal grants management.

6. Defendant USDE is an agency of the Executive Branch of the United States Government, responsible for overseeing, implementing, and enforcing federal education policies and programs including distributing and monitoring federal funds for education programs to entities, including state and local educational agencies. USDE is an agency within the meaning of FOIA 5 U.S.C. § 552(f)(1). It has possession of, and control over, the documents sought by Brustein & Manasevit, PLLC.

## STATEMENT OF THE FACTS

7. Plaintiff reasserts paragraphs 1-6.

**The FOIA Request to USDE**

8. On May 12, 2016, Brustein & Manasevit, PLLC filed a FOIA request pursuant to 5 U.S.C. § 522 requesting the following three categories of records:

(a) All correspondence or communications related to the assignment of counsel to draft Secretary's decisions and separations of duties between counsel representing USDE and counsel drafting the Secretary's decisions.

(b) All correspondence or communications related to Secretarial reviews between counsel representing USDE and counsel drafting a Secretary's decision.

(c) Any protocols established by USDE's Office of the General Counsel (OGC) or the Office of the Secretary (OS) to ensure that an "ethical wall" is developed and maintained between the Secretary and OGC during Secretarial review of ALJ decisions and that *ex parte* communications between the Secretary and individuals representing USDE are not made. This includes any established policies and procedures as well as internal memoranda providing directives on the issue.

**USDE's Acknowledgement and Referral of the Request**

9. On May 13, 2016, USDE sent an email to Brustein & Manasevit, PLLC confirming receipt of the FOIA request. The request was provided a tracking number of FOIA Request No. 16-01536-F.

10. USDE referred the records request to the "primary responsible office(s) for action."

**Subsequent Communications with USDE**

11. On June 8, 2016, Brustein & Manasevit, PLLC received a USDE letter via email stating that, because the request "seeks documents that will require a thorough search by the office your request was assigned to, the Department may not meet the 20-working-day timeframe."

12. The June 8th letter did not inform Plaintiff of USDE's determination of whether or not to comply with the request, the reasons for USDE's decision, and Plaintiff's right to appeal to the Secretary. *See* 5 U.S.C. § 552(a)(6)(A)(i); *see also Oglesby v. U.S. Dep't. of the Army*, 920 F.2d 57 (D.C. Cir. 1990).

13. The June 8th letter did not state the date on which a determination was expected to be dispatched or provide Plaintiff with the opportunity to modify the request or arrange with the agency an alternative time frame for processing the request. *See* 5 U.S.C. § 552(a)(6)(B).

14. Since the June 8, 2016 letter, Plaintiff has diligently attempted to follow-up on the above referenced request.

15. On August 17, 2016, Plaintiff emailed USDE asking that the request be completed as soon as possible and that the Department inform Plaintiff of any additional information or documentation needed to expedite the request.

16. On August 18, 2016, Linda Darby, USDE's designated contact person for Plaintiff's FOIA request, responded in an email stating that she had sent a status request to the office assigned to handle the FOIA request and that she would provide additional information by August 23, 2016.

17. USDE did not contact Plaintiff by August 23rd deadline.

18. After August 23rd, Plaintiff contacted USDE four times before finally receiving a response on October 12th. On August 30th and October 7th, Plaintiff emailed Ms. Darby asking for an update and information on how to expedite the request. On September 12th and October 3rd, Plaintiff contacted the general email address provided on USDE's website for FOIA requests seeking the same information.

19. On October 12th, Ms. Darby emailed Plaintiff stating that she "continues to await documents responsive to [Plaintiff's] request" from the office to which the request was assigned and that she forwarded Plaintiff's email to the same office. Ms. Darby did not provide a timeline for completion of the request or any other update on the status of the request.

20. On October 19th, Plaintiff contacted USDE and again asked when Plaintiff could expect a response and stated the urgency of the matter. Ms. Darby responded on October 19th stating that she had yet to receive the documents, was still awaiting a response from her previous email on October 12th, and had sent another email to the applicable office.

21. Plaintiff again contacted USDE on October 28, 2016 asking for a timeline for a USDE response on the request. Ms. Darby responded on November 2, 2016 informing Plaintiff that she sent another email to the applicable office on October 19th and had yet to hear back. Ms. Darby also informed Plaintiff that she was unable to provide a timeline, that she would ask her team leader to contact the office in question, and contact Plaintiff when the office responded.

22. Plaintiff again contacted USDE on November 10th and requested a timeline for production of the requested documents. Plaintiff received an automated response the same day providing no additional information.

23. On November 21, 2016, Robert Wehausen, Team Lead at USDE's FOIA Service Center, emailed Plaintiff and stated that the program offices assigned to [Plaintiff's] request requested that Plaintiff further explain the FOIA request.

24. Though Plaintiff contends that the original FOIA request was sufficiently clear, Plaintiff emailed Mr. Wehausen on November 23rd to provide the requested information. Plaintiff also stated that "[b]ecause it has been over six months since [Plaintiff's] request, [USDE] has not provided a determination as required within 20 working days, and is only new seeking clarification on the request", Plaintiff was requesting a determination on its request and a timeline for producing the documentation within seven working days.

25. USDE has not responded to Plaintiff's November 23rd email.

**FOIA Requests Received by USDE**

23. In Fiscal Year (FY) 2015, OGC received five requests and processed two. Of these two processed requests, one was designated as "simple." This request was processed in five days.

24. In FY 2015, OS received 20 requests and processed 11. On average, it took OS 11 days to process a simple request and 67 days to process a complex request.

25. As of this Complaint, it has been more than 200 days since the submission of the FOIA request.

**USDE's Failure to Comply with Statutory Deadlines**

26. Plaintiff has made numerous attempts to facilitate retrieval of the documents specified in the FOIA request detailed above. At times, USDE has completely ignored Plaintiff's communications and missed its own internal deadlines. When it has communicated with Plaintiff, USDE provided no substantive information regarding production of the requested documentation and indicated a lack of responsiveness from the office assigned to the request. USDE's request for clarification, made six months after the initial request, demonstrates that it made no prior attempt to find the documentation despite Plaintiff's numerous communications. Failure to make the documents promptly available violates 5 U.S.C. § 552(a)(6)(C)(i).

27. Plaintiff has constructively exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records… shall be *deemed to have exhausted his administrative remedies* with respect to such request if the agency fails to comply with the applicable time limit provisions") (emphasis added); 34 C.F.R. § 5.21(c).

28. As of the filing of this Complaint, USDE has not sufficiently responded to the FIOA request within 20-working-days. Neither the June 8th letter nor any subsequent communication constituted a proper response as none informed Plaintiff of USDE's

determination of whether or not to comply with the request, the reasons for USDE's decision, and Plaintiff's right to appeal to the Secretary. *See* 5 U.S.C. § 552(a)(6)(A)(i); *see also Oglesby v. U.S. Dep't. of the Army*, 920 F.2d 57 (D.C. Cir. 1990).

29. The June 8th letter also did not constitute a proper notice of extension under 5 U.S.C. § 552(a)(6)(B) as it did not state the date on which a determination was expected to be dispatched or provide Plaintiff with the opportunity to modify the request. Moreover, even it was a proper extension, USDE did not provide a sufficient response within the 10-day-extension period. Thus, USDE has violated the statutory deadline to respond to Plaintiff's FOIA request, and Plaintiff is deemed to have exhausted all administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i); 34 C.F.R. § 5.21(c).

**COUNT I**

30. Plaintiff hereby restates and incorporates herein its allegations set forth in paragraphs 1 to 29 of this Complaint, as though fully set forth herein.

31. USDE's failure to timely respond to Plaintiff's request for documents violates FOIA, 5 U.S.C. § 552(a)(6)(A), and USDE's regulations, 34 C.F.R. § 5.21.

32. Plaintiff has constructively exhausted administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i); 34 C.F.R. § 5.21(c).

33. USDE has wrongfully withheld the requested documents from Plaintiff.

**RELIEF**

34. WHEREFORE, Plaintiff respectfully requests that this Court:

35. Declare that USDE's failure to properly respond and withholding of records responsive to Plaintiff's request are in violation of FOIA;

36. Enter an injunction requiring USDE to disclose the requested records in their entireties and make copies of such records available to Plaintiff;

37. Direct USDE to waive its fees in accordance with disclosing this document in accordance with 5 U.S.C. § 552(a)(4) and 34 CFR § 5.33;

38. Award Brustein & Manasevit, PLLC its costs and reasonable attorneys fees incurred in this action; and

39. Grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

Leigh Manasevit, Esq.
D.C. Bar No. 260851
Brustein & Manasevit, PLLC
3105 South Street, NW
Washington, DC 20007
Tel: 202-965-3652
Fax: 202-965-8913